IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JIMMY THIRSTY, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No. 20-CV-421-KEW |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| 1. GREENLEAF NURSERY CO., ) | |
| a domestic for profit business corporation, ) | ATTORNEY'S LIEN CLAIMED |
| ) | FOR THE FIRM |
| Defendant. ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Jimmy Thirsty ("Plaintiff"), through his attorneys of record, Charles C. Vaught and Jessica N. Vaught of *Armstrong & Vaught, P.L.C.*, and brings this action pursuant to the Americans with Disabilities Act, as amended, for disability discrimination as committed by the Defendant.

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on violations of the ADAAA.

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Eastern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff was at all times relevant hereto, a resident of the State of Oklahoma, residing in Tahlequah, Cherokee County.

6. Defendant is, and was at all times relevant to this action, an employer as defined by the ADA.

7. Defendant does, and did at all times relevant to this action, employed in excess of fifteen (15) employees.

8. The acts and/or omissions giving rise to this lawsuit occurred in Cherokee County, State of Oklahoma.

9. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, this Court has jurisdiction over the parties and the subject matter of this action, because the action arises under the Constitution and laws of the United States.

10. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Eastern District of Oklahoma, because a substantial portion of the events or omissions giving rise to this claim occurred in the Eastern District of Oklahoma.

11. Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC") less than 300 days after the events described herein occurred. Subsequently, Plaintiff submitted a Charge of Discrimination, prepared by the EEOC, to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on (September 3, 2020) (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein), which was received by Plaintiff via regular mail on (September 8, 2020). Plaintiff has timely filed his *Complaint* within 90 days of his receipt of the Notice of Right to Sue from the EEOC.

## OPERATIVE FACTS

12. On or around April 2019, Plaintiff was hired by Greenleaf Nursery as a full-time laborer at their Park Hill location making $9.00 per hour.

13. Plaintiff was born with Proteus syndrome. Symptoms of his condition include tumorous skin and bone growths on his hands and feet. These growths cause his feet and hands to become sore and very painful during activities.

14. Upon his hiring with Defendant, Plaintiff informed Greenleaf Nursery personnel of his disability.

15. On Plaintiff's first day, he discussed his disability with Carla Ryder, Supervisor, while purchasing gloves. Ms. Ryder was asking how the gloves would work with Plaintiff's disability. Plaintiff said the gloves would work fine, but did mention that he would need to take occasional breaks due to pain in his hands and feet related to his disability.

16. Ms. Ryder had an immediate reaction and asked him to "wait by the truck" while she went and spoke with Greenleaf Nursery personnel. Following Ms. Ryder's meeting with personnel, she informed Plaintiff that he needed to speak with personnel immediately.

17. During his meeting with personnel, Plaintiff was informed that Ms. Ryder did not want me on her crew due to my condition. Greenleaf Nursery tried to find another position with the company for him to work. However, they could not find another position and terminated his employment.

18. Plaintiff was never paid for the four hours he worked for Greenleaf Nursery and received his orientation.

19. Plaintiff believes that he was discriminated against based on his disability: Proteus syndrome, in violation of the Americans With Disabilities Act.

**FIRST CLAIM**
**(DISCRIMINATION IN VIOLATION OF THE ADA)**

20. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state, as follows:

21. As a result of his Proteus Syndrome, Plaintiff is disabled pursuant to the ADAAA.

22. In the alternative, Defendant perceived Plaintiff as disabled or the Plaintiff had record of such impairment.

23. Plaintiff is qualified to perform, with reasonable accommodations, the essential functions of her position with Defendant.

24. Defendant violated the ADAAA by failing to make reasonable accommodations for Plaintiff's known physical limitations.

25. Defendant violated the ADAAA by permitting its agents and/or employees to create a hostile work environment regarding Plaintiff's disability.

26. Defendant further violated the ADAAA by terminating Plaintiff's employment because of his disability.

27. By and through, but not limited to, the events described herein, Plaintiff's terms and conditions of employment were adversely affected by Defendant's refusal to make reasonable accommodations for Plaintiff's known physical limitations, the hostile work environment Defendant's agents and/or employees created regarding Plaintiff's disability, and/or the termination of Plaintiff's employment because of her disability.

28. By and through, but not limited to, the actions described herein, Defendant has violated the ADAAA, *42 U.S.C.§§ 12101, et seq.*

29. Defendant's actions were willful and recklessly indifferent to Plaintiff's rights, thus warranting punitive damages.

30. As a direct and proximate result of Defendant's actions, Plaintiff has, is now, and will continue to suffer lost wages, fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: ___*s/ Jessica N. Vaught*_____
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***